UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANJAKNIE ROUNDTREE,<br>    *Plaintiff*,<br><br>    v.<br><br>NED LAMONT *et al.*,<br>    *Defendants*. | No. 3:21-cv-1163 (JAM) |

**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**

Anjaknie Roundtree has filed *in forma pauperis* a *pro se* civil rights complaint against the Governor of Connecticut, the Department of Children and Families, Nichole Stewart, and Catherine Vera. But because it appears that the complaint fails to allege facts giving rise to a plausible ground for relief, the Court shall require Roundtree to file an amended complaint or a response by **September 16, 2021** explaining why the complaint should not be dismissed.

### BACKGROUND

Roundtree is upset at the Department of Children and Families and aggrieved over an eviction. She claim "falsified DCF Reports" without further explanation.[1] She says that she has "notified the Governor" but not received a response.[2] She claims that in housing court, "[d]ocumentation was presented … [that] the case was dropped," but that "the state marshal[] still enforced a false eviction."[3] She adds that she was the victim of "gender bias," "harassing tactic[s]," a "fals[e] document," and a "false investigation."[4] Finally, she says that she was "illegally evicted[] during the Governor's ban[] of eviction[s]."[5]

---

[1] Doc. #1 at 3.
[2] *Ibid.*
[3] *Id.* at 4.
[4] *Id.* at 3–4.
[5] *Id.* at 4.

1

#### DISCUSSION

The Court has authority to review and dismiss a complaint if it "is frivolous or malicious" or if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). To be sure, if a plaintiff is *pro se*, the Court must give her complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for relief. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639–40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that Roundtree may promptly respond or file an amended complaint that addresses these concerns.

The complaint seems to suffer at least two flaws. First, Roundtree is suing under 42 U.S.C. § 1983. That law lets plaintiffs sue officials who deprive them of a constitutional right "under color of" state law. But in her complaint, Roundtree has checked "no" in answer to the question "was this defendant acting under color of state law?"[6]

Even if that was just a mistake, Roundtree's complaint fails to allege a plain and simple statement of her claims and to include facts that show that each of the named defendants should be liable for the wrongs that she alleges. A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And it must

---

[6] *Id.* at 2.

back up the claim with "sufficient factual matter" to make it plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Roundtree does not seem to have done that. Most of her allegations are fragmentary with little factual support at all. She claims that she suffered harassment, gender discrimination, and a false investigation, but gives no more details.

She gives slightly more detail to support her claim of a "false eviction." She explains that there was "documentation" that "the case was dropped." But still, even for a *pro se* plaintiff, she asks me to connect too many dots. She does not say what case was dropped, who presented the documentation, and whether a housing court considered that documentation and ruled on it. As for her claim about someone violating the eviction ban, she does not explain why any of the defendants are at fault. Without these details, her claim is hard to decipher and does not state plausible grounds for relief.

## CONCLUSION

It appears that the complaint is subject to dismissal under § 1915(e)(2)(B). But if Roundtree has grounds to file an amended complaint or to show why the complaint should not be dismissed, she may file a response to this order to show cause by **September 16, 2021**.

It is so ordered.

Dated at New Haven this 2nd day of September 2021.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge